COMPLAINT

# EXHIBIT 8

*Salvo Technologies, Inc. v.*
*Landmark American Insurance Company and Argonaut Insurance Company*
U.S. District Court, Middle District of Florida, Tampa Division



August 22, 2022

Via Electronic Mail: desmond dbhacapllc.com
Scott.mackay@tidescap.com

Mr. Desmond Henry
Mr. Scott Mackay

Re:   Insured:    Salvo Technologies Inc. ("Salvo")
      Matter:     The People of the State of New York by Letitia James
      Insurer:    Argonaut Insurance Company
      Claim No:   305939
      Policy No:  ML4263632-0

Dear Mr. Henry & Mr. Mackay:

On behalf of Argonaut Insurance Company ("AIC"), this letter follows previous correspondence acknowledging receipt of the above-referenced matter submitted for coverage under Policy No. ML4263632-0 (the "Policy") issued to Salvo Technologies Inc. ("Salvo" or the "Insured").  Please direct all future correspondence to my attention under the above claim number.  We are directing this letter to you as the representative for all Insureds for the receipt of insurance materials.  If you are not the appropriate individual, or if you would like any other individual to receive future communications, please advise accordingly.

This letter provides AIC's position regarding the availability of coverage for this matter. Based upon review of the materials provided to date, please be advised that there is no coverage for the Complaint under the Policy, as discussed below. If you have any additional information that you think is relevant to coverage, please send it to me for AIC's consideration.

Factual Background

In connection with this matter, AIC received a copy of a June 29, 2022 Complaint filed in the Supreme Court of the State of New York, New York County, Commercial Division, captioned <u>The People of the State of New York v. Arm or Ally, Blackhawk Manufacturing Group Inc A/k/A 80 Percent Arms Inc, or 80 Percent Arms; Salvo Technologies Inc. A/K/A 80P Builder or 80P Freedom Co.; Brownells Inc. A/K/A Brownells or Bob Brownell's; GS Performance LLC A/K/A Glockstore or GSPC; Indie Guns, LLC., KM Tactical, Primary Arms LLC.; Rainier Arms LLC.; and Rock Slide USA LLC</u> ("Complaint").

In the Complaint, The People of New York State ("The People") allege that Defendants manufacture, and distribute to New York, parts used to make "ghost guns" including unfinished frames, the possession of which is a felony in New York. With respect to Salvo Technologies Inc. A/K/A 80P Builder or 80P Freedom Co, the Complaint alleges that 80P Builder claims to specialize in aftermarket parts while also offering Polymer80 frames, and sells unfinished receivers in tandem with the "lower parts kit" containing the parts necessary to make it the fully-functional lower part of a handgun.  Plaintiff alleges that despite the fact that selling unfinished frames and receivers is a core part of its business model, 80p's website states that "80P Freedom Co. does NOT sell firearms."  The Complaint alleges that on or around May 11, 2022, an employee of the New York City Sheriff's office conducted an undercover purchase of a Polymer80 PF940v2 unfinished

413 W. 14th Street, 3rd Floor        T 212 607 8800
New York, NY 10014                   F 212 607 8875
www.argolimited.com

**Mailing Address:** PO Box 469012
San Antonio, TX 78246

August 23, 2022
Page 2

frame from 80pbuilder.com, along with a lower parts kit; a Glock-17-compatible slide, barrel, and guide rod, an upper parts kit, and a set of high-definition sights.  It is alleged that 80P Builder accepted the order and shipped the ghost gun into New York County.

The People's alleged causes of action are as follows: (1) Repeated and Persistent Fraud or Illegality in Business in Violation of Executive Law Sec 63(12) [Selling and Shipping Unfinished Frames and Receivers]; (2) Repeated and Persistent Fraud or Illegality in Business in Violation of Executive Law Sec. 63(12) [Aiding and Abetting the Possession of Firearms By Convicted Persons; (3) Repeated and Persistent Fraud or Illegality in Business in Violation of Executive Law Sec. 63(12); (4) Creation of a Public Nuisance by a Gun Industry Member [New York General Business Law Sec. 898-b(1); (5) Failure to Establish Reasonable Controls By a Gun Industry Member [New York General Business Law Sec 898-b(2)]; (6) Repeated and Persistent Fraudulent Conduct Pursuant to Executive Law 63(12). AIC understands these are allegations only.

### I.     The Policy

The Policy was issued to the **Insured** for the **Policy Period** of April 25, 2022 to April 25, 2023 and a Policy Aggregate Limit of Liability in the amount of $1,000,000 (the "Policy").  Pursuant to Run-Off Endorsement (No. 5), the **Policy Period** was extended to April 25, 2028.  Endorsement 5 also provides that "[n]o coverage will be available under this policy for **Loss** in connection with any **Claim** based upon, arising from, or in consequence of any fact, circumstance, or **Wrongful Act** committed, attempted, or allegedly committed or attempted on or after the **Run-Off Date** [i.e, April 25, 2022]."

Coverage was purchased under the Policy for Directors & Officers Liability[1] ("D&O Coverage Section"), which has a Maximum Aggregate Limit of Liability in the amount of $1,000,000 (as part of, not in addition to, the Policy Aggregate Limit of Liability) and is subject to a Retention of $25,000 for each **Claim** under Insuring Agreements B and C.

### II.    Coverage Discussion

The D&O Coverage Section provides coverage pursuing to its Insuring Agreements, which provide in pertinent part as follows:

### C.   COMPANY LIABILITY COVERAGE

> The **Insurer** shall pay **Loss** of the **Company** arising from a **Claim** first made during the **Policy Period** (or **Extended Reporting Period**, if exercised) against the **Company** for a **Wrongful Act**.

**Claim** is defined to mean, in relevant part, "1. a written demand against any **Insured** for monetary damages, non-monetary or injunctive relief, including a written demand that the **Insured** toll or waive a statute of limitations pertaining to a **Wrongful Act,** commenced by the **Insured's** receipt of such demand; [or] 2. a civil proceeding against any **Insured** commenced by the service of a complaint or similar pleading;"[2]

**Insured(s)** means: 1. the **Insured Person(s)**; and 2. the **Company**.  **Company** is defined as "1. the **Named Insured**; and 2. any **Subsidiary** of the **Named Insured**.[3]  **Salvo Technologies, Inc.** is the **Named Insured** and is there an **Insured.**

---

[1] According to the Declarations Page of the Policy, coverage was also purchased under the Policy for Fiduciary Liability ("FI").  Given the nature of this matter, the FI Section does not appear to be implicated.  Accordingly, our coverage analysis herein is based on the D&O Coverage Section only.
[2] D&O Coverage Section II.A.
[3] General Terms and Conditions Section II.B.

August 23, 2022
Page 3

**Wrongful Act** is defined to mean, in relevant part, "any actual or alleged act, error, omission, misstatement, misleading statement, neglect or breach of duty… with respect to **INSURING AGREEMENT** C., by the **Company**…"[4]

The Complaint is a **Claim** made against an **Insured,** Salvo Technologies, for a **Wrongful Act**. To the extent that the Complaint is the first **Claim** in this matter made against an **Insured**, it is a **Claim** first made against an **Insured** during the Policy Period for a **Wrongful Act**.[5]

However, coverage is precluded for the Complaint for the following reasons.

First, Section III.N of the D&O Coverage Part provides that:

> Solely with respect to **INSURING AGREEMENT** C., the **Insurer** shall not be liable for any **Loss** in connection with any **Claim** made against the **Company**:
>
> N. based upon, arising out of or attributable to any **Insured's** actual or alleged rendering or failure to render professional services, provided, however, that this exclusion shall not be applicable to **Investigative Costs**;[6],

Because the Complaint is based upon, arising out of or attributable to the **Insured's** rendering of professional services in manufacturing and distributing the alleged gun parts, Section III.N precludes coverage for the Complaint in its entirety.

While coverage is wholly unavailable for the reason noted above, coverage is additionally and independently precluded for the allegation regarding advertising on the Insured's website by Section III.L of the D&O Coverage Part, which provides that:

> Solely with respect to **INSURING AGREEMENT** L., the **Insurer** shall not be liable for any **Loss** in connection with any **Claim** made against the **Company**:
>
> L. based upon, arising out of or attributable to any actual or alleged false advertising or misrepresentation in advertising, with respects to the advertising of the Insured's own goods, products, publications or services.

While coverage is unavailable for the Complaint for the reasons noted above, in light of the fact that the Complaint alleges that Salvo Technologies made a shipment of parts to New York in May 2022, we also reserve all of AIC's rights pursuant to the Run-Off Endorsement (No. 5), which provides in pertinent part that "[n]o coverage will be available under this policy for **Loss** in connection with any **Claim** based upon, arising from, or in consequence of any fact, circumstance, or **Wrongful Act** committed, attempted, or allegedly committed or attempted on or after the **Run-Off Date** [i.e, April 25, 2022]."

### III.    Conclusion

Because coverage is unavailable for the reasons noted above, this letter will not enumerate all potential bases for lack or limitation of coverage under the Policy. In addition to the above, AIC fully reserves all rights, remedies, and defenses under the Policy, at law, and/or in equity, whether or not stated herein. Nothing stated is intended to waive any rights, remedies, or defenses AIC may now have or come to acquire in the future.

In the event that you disagree with our analysis, we kindly request that you notify the undersigned together with the reasons for your position.

---

[4] D&O Coverage Section II.N.

[5] In this regard, you have advised us that no Insured received any demand, complaint, cease and desist order or other communication regarding this matter prior to being served with the Complaint.

August 23, 2022
Page 4

Again, feel free to contact me with any questions or concerns.

Kind regards,

Neal Desai
Claims Analyst
Argo Pro Claims
P +1 551-277-9426
E neal.desai@argogroupus.com