COMPLAINT

# EXHIBIT 9

*Salvo Technologies, Inc. v.*
*Landmark American Insurance Company and Argonaut Insurance Company*
U.S. District Court, Middle District of Florida, Tampa Division



DRAFT

**_Via Electronic Mail:_** desmond@dbhacapllc.com and scott.mackay@tidescap.com

Mr. Desmond Henry
DBH|CAP

Mr. Scott Mackay
Tides Capital LLC

> RE:      Insured: Salvo Technologies Inc.
> Matter: The People of the State of New York by Letitia James
> Insurer: Argonaut Insurance Company
> Claim No: 305939
> Policy No: ML4263632-0

Dear Mr. Henry and Mr. Mackay:

On behalf of Argonaut Insurance Company ("Argo"), which issued Private PROtect Policy No. ML4263632-0 (the "Policy") to Salvo Technologies Inc. ("Salvo"), this letter acknowledges receipt of the amended complaint filed on July 27, 2022 in the action captioned _The City of New York v. Arm or Ally LLC, et al._, Case No. 22-cv-5525, currently pending in the U.S. District Court for the Southern District of New York (the "City Action").  Please continue the direct all correspondence to my attention under and reference the above claim number.

The purpose of this letter is to supplement Argo's August 22, 2022 letter which declined coverage for the action captioned _The People of the State of New York v. Arm or Ally LLC, et al.,_ Case No. 22-cv-6124, currently pending in the U.S. District Court for the Southern District of New York (the "State Action" and collectively with the City Action, the "Lawsuits").  Argo's prior coverage letter is adopted and incorporated herein to the extent that it is consistent with the coverage analysis below.

We are directing this letter to you as the authorized representative of the **Insured** for insurance coverage purposes.  If you are not an authorized representative of the **Insured**, or if you would like any other person to receive future communications, please advise accordingly.

Please read this letter together with the Policy and note that bold and/or capitalized terms used but not defined shall have the meaning ascribed to them in the Policy.

## I.   Background

Salvo is the parent company of 80P Builder (a/k/a 80P Builder Freedom Co.) which markets and sells "unfinished" frames, "ghost gun" components, knives, and other products through its website (80pbuilder.com).  The City Action is brought by the City of New York against Arm or Ally, LLC, 80P Builder, Rock Slide USA, LLC, Indie Guns, LLC, and Rainier Arms, LLC.  The City Action alleges that the defendants market and sell ghost gun components to New York City residents over the

413 West 14th Street, 3rd Floor
New York, NY  10014
www.argolimited.com

**Mailing Address:** PO Box 469012
San Antonio, TX  78246

**T** 212 607 8800
**F** 212 607 8875

DRAFT
Page 2

internet.  According to the City Action complaint, 80P Builder breaches its obligations as a federal firearms licensee by selling "unfinished" frames and receivers to consumers without background checks and without serial numbers.  The City Action alleges that 80P Builder shipped packages with illegal frames and receivers to purchasers located in New York City between April 21, 2021 and May 26, 2021.  Specifically, the City Action alleges that on or about May 11, 2022, an investigator at the New York City Sheriff's office made an undercover purchase of an unserialized, "unfinished" frame and other components from 80P Builder.  In alleged violation of its federal firearms license, and of federal, state and city law, 80P builder did not perform a background check and did not require the individual to have a valid state or City gun license or permit.  Instead, 80P Builder allegedly accepted the order and the products were delivered to an address in Manhattan.

The City Action asserts the following causes of action: (1) Violation of New York General Business Law § 898-b; and (2) Common Law Public Nuisance.  The City Action seeks to enjoin the defendants, from selling, shipping, distributing, delivering or otherwise supplying un-serialized, "unfinished" frames or receivers to a New York City address and an order that each defendant abate the nuisance that its violations have created, contributed to, and/or maintained.

### II.     The Policy

Argo issued the Policy to the **Insured** for the **Policy Period** April 25, 2022 to April 25, 2023.  Subject to its terms and conditions, the Policy provides an $1 million Maximum Aggregate Limit of Liability for all **Loss** under all **Coverage Parts**.  The Policy provides an $1 million Maximum Aggregate Limit of Liability for all **Loss** under Insuring Agreements A, B, C, and D of the Directors & Officers ("D&O") Liability **Coverage Part**.  A $25,000 Retention applies to each **Claim** under Insuring Agreements B and C of the D&O **Coverage Part**.  Endorsement No. 5 of the **Policy** provides run-off coverage for the D&O and Fiduciary **Coverage Parts** for a period of six (6) years following the **Run-Off Date** (April 25, 2022).  The only defendant in the City Action that is an **Insured** under the Policy is 80P Builders.  None of the other defendants are **Insureds** so they cannot be eligible for coverage under the Policy.

### III.     Coverage Discussion

By letter dated August 22, 2022, Argo declined coverage for the State Action under Exclusions III.L [misrepresentation of goods] and III.N [professional services] of the D&O **Coverage Part**.  The City Action and the State Action make nearly identical allegations against 80P Builder.    Specifically, the City Action and the State Action allege that 80P Builder failed to perform the screening and tracking services required of it as a federal firearms licensee.  Because both Lawsuits are based upon, arise out of and/or are attributable to 80P Builder's alleged sale of unlawful firearms and breach of its federal firearms license, Exclusion III.L [misrepresentation of goods] and III.N [professional services] of the D&O **Coverage Part** operate to exclude coverage for the City Action, as they do for the State Action.  Accordingly, Argo adopts and incorporates herein as applicable to the City Action, Argo's denial of coverage for the State Action, as set forth in its August 22, 2022 letter.

In addition, a review of the Lawsuits and the Policy confirms that the alleged **Wrongful Acts** of 80P Builder occurred after the **Run-Off Date** (April 25, 2022).  Both the City Action and the State Action allege that a New York City Sheriff's office investigator made an undercover purchase of an "unfinished" frame from 80P Builder on May 11, 2022.  Section VII of Endorsement No. 5 excludes coverage for any **Claim** based upon, arising from, or in consequence of any fact, circumstance, or

DRAFT
Page 3


**Wrongful Act** committed, attempted, or allegedly committed or attempted, on or after the **Run-Off Date** (April 25, 2022).  Because the Lawsuits allege that 80P Builder committed a **Wrongful Act** after April 25, 2022, Endorsement No. 5 of the Policy operates to exclude coverage for the Lawsuits.

### IV.    Conclusion

Because coverage is unavailable for the Lawsuits reasons noted above, this letter will not enumerate all potential bases for lack or limitation of coverage under the Policy. In addition to the above, Argo fully reserves all rights, remedies, and defenses under the Policy, at law, and/or in equity, whether or not stated herein.  Nothing stated is intended to waive any rights, remedies, or defenses Argo may now have or come to acquire in the future.  Argo confirms that the **Insured** reserves its rights also.

In the event that you disagree with our analysis, we kindly request that you notify the undersigned together with the reasons for your position.

Kind Regards,



Neal Desai
Claims Analyst
Argo Pro Claims
P +1 551-277-9426
E neal.desai@argogroupus.com

cc:        Sunni.Zylstra@cacspecialty.com
           Carrie.oneil@cacspecialty.com
           Alan.Peterson@cacspecialty.com